IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WILLIE EARL PONDEXTER, JR., #999111 | § | |
| VS. | § | CIVIL ACTION NO. 6:09cv65 |
| BRAD LIVINGSTON, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Willie Earl Pondexter, Jr., an inmate confined at the Polunsky Unit of the Texas prison system, proceeding *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983 for violations and threatened violations of his right to due process and access to court. The present memorandum opinion concerns the Plaintiff's motion for a stay of execution (docket entry #3). It concerns only the motion for a stay of execution and does not concern the merits of the case.

Facts of the Case

The Plaintiff was convicted in 1994 of the offense of capital murder in Red River County, Texas. On July 29, 2008, the Fifth Circuit affirmed the denial of federal habeas corpus relief. *Pondexter v. Quarterman*, 537 F.3d 511 (5th Cir. 2008). On December 9, 2008, the Plaintiff filed a petition for a writ of certiorari, which is still pending. *Pondexter v. Quarterman*, No. 08-7795. He is currently scheduled to be executed on March 3, 2009. Counsel stated that he did not learn about the setting of the execution date until October 17, 2008.

The Plaintiff stated that he desires and has made an effort to seek a commutation of his death sentence. He noted that the Rules of the Texas Board of Pardons and Paroles require that a request for

executive clemency relief be made no later than 21 days before the date of the scheduled execution. He asserted that the Defendants have effectively frustrated his efforts to investigate and secure evidence in support of a request for clemency. In particular, on January 17, 2009, law school students working as interns with the Texas Defender Service were prevented by Polk County Deputy Sheriff Terry White from obtaining information in support of the request for clemency. They were detained at the Polk County Jail. After contacting TDCJ's Office of the Inspector General, Deputy White gave the students a warning for criminal trespass. Affidavits were submitted by the interns in support of these factual allegations. Within a week, Polunsky Unit personnel searched the Plaintiff's cell. Counsel alleged that his efforts to obtain affidavits from prison officers about the Plaintiff's good conduct while in prison have been thwarted by prison officials. Counsel alleged that Polk County and TDCJ personnel have obstructed his efforts to obtain evidence favorable for seeking clemency and judicial relief. The Defendants named in the lawsuit are TDCJ Executive Director Brad Livingston, Correctional Institutions Division Director Nathaniel Quarterman, Polunsky Unit Warden Tim Simmons, Polk County Sheriff Kenneth Hammack and Polk County, Texas.

The Plaintiff is seeking to obtain a permanent injunction barring the Defendants from maintaining any policy, formal or informal, intended to obstruct his counsel in the investigation of the grounds for clemency and/or judicial relief, including, but not limited to, instructing correctional officers to refrain from speaking to his counsel; fostering an environment in which correctional officers are made to believe that speaking to counsel is disfavored or prohibited; fostering an environment in which correctional officers refrain from speaking with counsel for fear of retaliation and job loss; and causing the unlawful detention of agents of counsel for attempting to investigate grounds for clemency and judicial relief.

The Plaintiff requested that this Court declare that the Defendants' past conduct - including the Defendants' policy of prohibiting correctional officers from speaking to counsel, maintaining an environment in which correctional officers do not feel free to speak to counsel, and causing unlawful detention of Plaintiff's representatives deprived him of due process and access to courts in violation of the First and Fourteenth Amendments to the United States Constitution.

## Discussion and Analysis

The Fifth Circuit has repeatedly and consistently held that federal courts lack jurisdiction under § 1983 to stay executions. *Beets v. Texas Board of Pardons & Paroles*, 205 F.3d 192, 193 (5th Cir. 2000); *Faulder v. Johnson*, 178 F.3d 741 (5th Cir. 1999); *Moody v. Rodriguez*, 164 F.3d 893 (5th Cir. 1999). All three cases dealt with clemency issues. In *Moody*, the Fifth Circuit specifically held that "prisoner challenges to the result of a single allegedly defective clemency proceeding must be pursued by writ of habeas corpus, not by suits under 1983." 164 F.3d at 893.

Beyond clemency issues, the Fifth Circuit has also rejected § 1983 lawsuits that attempt to challenge capital murder convictions. In *Martinez v. Texas Court of Criminal Appeals*, 292 F.3d 417 (5th Cir. 2002), death row inmates filed a § 1983 lawsuit challenging the state's alleged policy of appointing incompetent state habeas counsel. They asked for a temporary restraining order and preliminary injunction preventing the State from executing them during the pendency of the litigation, along with a permanent injunction directing that competent state habeas counsel be appointed in death penalty cases. Citing *Moody*, the Fifth Circuit held that § 1983 challenges to an impending execution must be brought as habeas actions. *Id.* at 423. The Fifth Circuit upheld the decision construing the lawsuit as a habeas petition and dismissing it for lack of jurisdiction due to the absence of authority to file a successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A). *Id.*

In *Kutzner v. Montgomery County*, 303 F.3d 339 (5th Cir. 2002), a death row inmate filed a § 1983 lawsuit in an effort to compel the State to produce biological evidence for DNA testing. The Fifth Circuit held that "the allegations seek to undermine Kutzner's conviction or the consequences flowing therefrom, such as the availability of an executive clemency petition." *Id.* at 340. The Fifth Circuit held that the civil rights "claims seeking to attack the fact or duration of confinement, as well as claims which are 'so intertwined' with attacks on confinement that their success would 'necessarily imply' revocation or modification of confinement, must be brought as habeas petitions and not under § 1983." *Id.* at 341. The civil rights lawsuit was barred because he could not prove that the conviction or sentence had been invalidated. *Id.* at 340 (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). The dismissal of the lawsuit was affirmed and permission to file a successive petition for a writ of habeas corpus was denied. *Id.* at 341.

An anomaly has emerged from this line of cases involving motions to stay executions due to the method of execution. The Supreme Court discussed the issue in *Nelson v. Campbell*, 541 U.S. 637 (2004). The Supreme Court held that the consideration of a stay of execution in a § 1983 lawsuit was appropriate, although the request for a stay in that case was moot since the execution warrant had expired. *Id.* at 648. In *Summers v. Eidson*, 206 Fed. Appx. 321 (5th Cir. 2006), a Texas death row inmate argued that *Martinez* and *Kutzner* were overruled in light of *Nelson*. The Fifth Circuit rejected the argument and held that *Nelson* abrogated *Martinez* to the extent that it "held that § 1983 claims categorically could not be used to challenge the method of lethal injection, it did not overrule the case in its entirety or the portion relied on by this court in *Kutzner*." *Id.* at 323 n.1.

In the present case, the controlling Fifth Circuit case law is abundantly clear that this Court lacks jurisdiction under § 1983 to stay an execution. The only exception that has been recognized concerns requests for stays challenging the method of execution, which is not an issue in this case. The

4

Fifth Circuit has specifically rejected requests for stays in § 1983 lawsuits that concern clemency issues. This Court is obligated to follow Fifth Circuit precedent, and the motion for a stay of execution must be denied.

The issue of whether the civil rights lawsuit is barred in light of *Heck* is more complex. As previously noted, *Heck* bars § 1983 lawsuits for actions whose unlawfulness would render a conviction or sentence invalid unless it is first proven that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. 512 U.S. at 486-87. *Heck* bars a § 1983 lawsuit if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. *Id*. at 487. *Heck* was instrumental in the decisions in *Summers* and *Kutzner. Summers* dealt with *Brady* evidence, while *Kutzner* dealt with DNA evidence. Success in both civil rights cases arguably would have necessarily implied the invalidity of the convictions. By comparison, success in the present case concerning the Defendants allegedly obstructing the Plaintiff's representatives in obtaining evidence to support a request for clemency would not necessarily imply the invalidity of his conviction or sentence. At this juncture, it does not appear that the civil rights lawsuit is barred by *Heck*. The Court is of the opinion that the Plaintiff's civil rights claims should not be *sua sponte* dismissed and that such claims need further development.

In conclusion, the Plaintiff's motion for a stay of execution should be denied. The Court expresses no opinion as to the merits of the case. The Plaintiff's underlying civil rights claims should be further developed. The Court notes that there are procedural problems with the lawsuit that will be addressed in separate orders. Due to the short amount of time involved before the scheduled execution date, the Court is of the opinion that a decision on the motion for a stay of execution was of paramount importance; nonetheless, the motion for a stay of execution should be denied. It is accordingly

**ORDERED** that the motion for stay of execution (docket entry #3) is **DENIED**.

**SIGNED this 18th day of February, 2009.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE